**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SARAH JO BEZORE, | Case No.: 3:26-cv-00517-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1 |
| FRANK BISIGNANO, Commissioner of Social Security Administration, | |
| Defendant | |

Before the court is Plaintiff's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1).

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis (IFP) if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

2

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

Plaintiff's complaint names the Commissioner of Social Security, and requests review of the Commissioner's final decision. (ECF No. 1-1.)

Federal courts have sole jurisdiction to conduct judicial review of the Social Security Administration's determination in this regard. *See* 42 U.S.C. § 405(g). Upon a review of Plaintiff's complaint, it appears administrative remedies have been exhausted with the Social Security Administration. Therefore, Plaintiff's complaint shall proceed.

### III. CONCLUSION

(1) Plaintiff's application to proceed IFP (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor.

(2) The complaint shall **PROCEED**. The Clerk shall **FILE** the complaint (ECF No. 1-1).

(3) The complaint shall be served on the Commissioner in accordance with Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).

(4) Plaintiff shall serve upon defendant or, if an appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails the document to the court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

**IT IS SO ORDERED**.

Dated: July 9, 2026

_____
Craig S. Denney
United States Magistrate Judge

4